UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Earl NETTLES, Defendant–
Appellant.

No. 08–16829
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 20, 2009.

Robert E. Adler, Asst. Federal Public Defender, West Palm Bch, FL, Kathleen M. Williams, Miami, FL, for Defendant–Appellant.

Anne R. Schultz, Kathleen M. Salyer, Jonathan D. Colan, U.S. Attorney's Office, Sally M. Richardson, Miami, FL, for Plaintiff–Appellee.

258

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Robert Earl Nettles, a federal prisoner convicted of a crack cocaine offense, appeals the district court's denial of his *pro se* 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*)." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore,* 541 F.3d 1323, 1330 (11th Cir.2008), *cert. denied,* — U.S. ——, 129 S.Ct. 965, 173 L.Ed.2d 156 (2009), *and* — U.S. ——, 129 S.Ct. 1601, 173 L.Ed.2d 689 (2009); *see also* U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n. 1(A).

The district court did not err in denying Nettles a § 3582(c)(2) sentence reduction. Nettles's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced most of the base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. *See* U.S.S.G.App. C, amends. 706, 713. Nettles

concedes that he was sentenced as a career offender. Thus, Nettles's offense level was based on U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c). This Court concluded in *United States v. Moore* that a crack cocaine defendant, like Nettles, who was sentenced as a career offender under § 4B1.1 is not eligible for a § 3582(c)(2) sentence reduction based on Amendment 706. *See* 541 F.3d at 1327–29. Thus, the district court did not have authority to reduce Nettles's sentence under § 3582(c)(2).

**AFFIRMED.**

---

[1]. In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under the

Sentencing Guidelines. *United States v. Moore,* 541 F.3d 1323, 1326 (11th Cir.2008).